UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CAROL LUKE,

        Plaintiff,        CASE NO. 4:10-cv-00524-SPM-WCS

vs.

RESIDENTIAL ELEVATORS, INC.,

        Defendant.
_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS [DOC. 5]**

Plaintiff responds to Defendant's Motion To Dismiss and says the motion should be denied. Its arguments are frivolous; Defendant should be ordered to answer forthwith.

**Summary Of Argument**

Defendant's motion is based on three grounds, none of them justified. First, Defendant argues that Plaintiff did not exhaust her administrative remedies. But satisfaction of administrative prerequisites can be averred generally, and no proof need be attached to the Complaint. Second, Defendant argues that Plaintiff failed to timely file her lawsuit. Again, this is an affirmative defense; it is *Defendant's* burden to allege and prove this defense. Third, Defendant argues that Plaintiff's Complaint is not sufficiently specific. But Plaintiff need not allege all the details of her claim. It need only show that a claim is plausible. Plaintiff has done that. The Motion should be denied.

**Argument**

This is an employment discrimination case.  It is similar in some ways, and different in some ways, than a case previously pending before this Court and tried to a verdict in favor of another employee in whose case Plaintiff Luke testified.  <u>Christine Camp v. Residential Elevators</u>, Case No. 4:08cv00073-SPM-WCS (N.D. Fla.).  Ms. Luke here alleges, as she testified before this Court at trial, that she also lost out on positions given to males for which she was equally or better qualified; that she suffered blatant threats of retaliation; and further that she has since been falsely accused of all manner of wrongdoing in retaliation for her assertion of protected rights, including the filing of a lawsuit that was patently retaliatory in nature.

*Defendant's first argument* – that Plaintiff failed to exhaust her administrative remedies – turns the procedure for testing the truth of this on its head.  Plaintiff need only generally aver satisfaction of conditions precedent.  Fed.R.Civ.P. 9(c.).  Plaintiff need not, as Defendant wrongly argues, detail the nitty-gritty of her exhaustion efforts in the Complaint.  The U.S. Supreme Court held, in <u>Leatherman v., Tarant County Narcotics Intelligence And Coordination Unit</u>, 507 U.S. 163 (1993), that courts cannot, absent express statutory language, impose more stringent pleading standards than those established by the Federal Rules of Civil Procedure. Moreover, because failure to exhaust administrative remedies is an affirmative defense, Residential Elevators, not Plaintiff, has the burden of pleading and proving the defense.  See, e.g., <u>Williams v. Runyon</u>, 130 F.3d 568, 573 (3d Cir. 1997) (Title VII case noting that "failure to exhaust administrative remedies is an affirmative defense [and] the defendant bears the burden of pleading and proving that the plaintiff has failed to exhaust administrative remedies.").

*Defendant's second argument* - that Plaintiff's lawsuit is untimely – is equally unfounded. As with Defendant's first argument, a plaintiff's purported failure to comply with a statute of limitations is indeed an affirmative defense which the Defendant has the burden of pleading and proving. It has not done so. Smith v. Duff & Phelps, Inc., 5 F.3d 488, 492 n. 9 (11th Cir. 1993). In Zillyette v. Capital One Financial Corp., 179 F.3d 1337 (11th Cir. 1999), the court explained: "Since Franks and Lewis, we have continued to approach these issues on a case-by-case basis to fashion a fair and reasonable rule for the circumstances of each case. In addition, we have continued to require plaintiffs to assume some minimum responsibility in resolving their claims. Taking these considerations into account, we agree with the Second Circuit in Sousa v. N.L.R.B., 817 F.2d 10, 11 (2d Cir.1987), that a plaintiff is entitled to a reasonable time to pick up the letter upon receipt of a notice of delivery and therefore conclude that a three-day period, analogous to the federal rule governing time for taking action after service by mail, see Fed.R.Civ.P. 6(e), provides an appropriate period for a plaintiff to act to receive an unsuccessfully delivered letter. Providing a three-day period also provides a clear rule that will enable parties to be aware of when they must act or forfeit their right to sue. Any other hardships to plaintiffs can be accommodated by the equitable tolling rules, which are generally applicable in Title VII actions against both private and government employers. See Irwin v. Department of Veterans Affairs, 498 U.S. 89, 95-96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990); Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393-94, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982)."

In sum, while it is not the three-day mailing time under the rules of procedure, it is like it. Under Eleventh Circuit precedent – which inexplicably did not make its way into the analysis

3

Defendant provided this Court - absent proof by Defendant that Plaintiff failed *in fact* to file within 90 days of her *actual receipt* of the right to sue letter, its argument fails.

*Defendant's third argument* – that Plaintiff's gender discrimination and retaliation claims fail to state a cause of action – are based on both an errant view of the law of *pleadings* and on a misstatement of the language of the Complaint.

Like many motions of its genre, Residential Elevators' filing in essence conflates or improperly confuses standards of proof with standards of pleading. A Complaint need only lay out facts that show a claim is plausible. Ashcroft v. Iqbal 129 S.Ct. 1937 (2009). It is of course not necessary for a plaintiff to prove their claims in the pleading. Defendant's motion is silent about the applicability, if any, of Iqbal to its arguments, so Plaintiff must assume Defendant does not seriously challenge Plaintiff's satisfaction of her pleading obligation. Defendant's only explicit argument is that Plaintiff must expressly plead that she was qualified for the position(s) for which she, like Christine Camp, was excluded (Motion at p. 4, paragraph 11) and that by virtue of the passage of a set period – a temporal proximity argument – Plaintiff just cannot have a retaliation claim (Motion at p. 4, paragraph 12).

As U.S. District Judge Robert Hinkle, in rejecting a post-Iqbal motion to dismiss, noted, "A complaint thus 'does not need detailed factual allegations," nor must it "allege with precision all the elements of a cause of action." He further cited authority for the notion that a complaint's allegations must be accepted as true even if the factual allegations themselves are doubtful in fact. Smith v. Florida Parole Commission, *Order Denying Motion To Dismiss*, Case No. 4:09cv354-RH/WCS (N.D. Fla. Filed January 5, 2010).

Simply put, Plaintiff's Complaint does not fail because she did not include a rote allegation that she was qualified for the positions that males obtained. That can be fairly read into the overall body of the Complaint. Second, the suggestion that Plaintiff cannot for reasons of temporal proximity make out a retaliation claim is ludicrous. Defendant's argument is wrong in two ways. Its statement that Plaintiff's retaliation claim is that she was fired twelve months after her testimony is simply false. Plaintiff testified at Christine Camp's trial in February 2009, not in September 2008. While Plaintiff also gave deposition testimony before that, it was Luke's appearance before the jury – and her scathing testimony about the sexist and discriminatory practices of Defendant – that is alleged in Paragraph 8 of the Complaint. And Plaintiff alleges she was harassed in other ways in retaliation. Temporal proximity has its greatest weight – for better and for worse – when a plaintiff has nothing but timing as an argument for causality. That is not this case. Defendant's monocular focus on timing and temporal proximity, when Plaintiff has alleged the retaliation to include far more than that – borders on frivolity.

## CONCLUSION

The motion should be denied.

        Respectfully submitted

        MARIE A. MATTOX, P. A.


        \_\_/s/   James Garrity_____
        James Garrity (FBN: 539211)
        310 East Bradford Road
        Tallahassee, FL   32303
        Telephone:    (850) 383-4800
        Facsimile:    (850) 383-4801
        ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a copy of the foregoing has been furnished by CM/ECF service only to all counsel of record this 10th day of January 2011.

                                              /s/ James Garrity
                                              James Garrity