UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CAROL LUKE,

    Plaintiff,

v.                          Case No.: 4:10-cv-00524-SPM-WCS

RESIDENTIAL ELEVATORS, INC.,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss (doc. 5). Defendant's motion is accompanied by a memorandum of law and exhibits. Plaintiff has filed a response in opposition to Defendant's motion (doc. 7). For the reasons set forth below, Defendant's motion will be denied.

Defendant argues that the Court should dismiss Plaintiff's Complaint (doc. 1) pursuant to Rule 12(b)(6) on the grounds that the Complaint (doc. 1) fails to state a claim upon which relief can be granted, FED. R. CIV. P. 12(b)(6). In particular, Defendant argues that the Complaint (doc. 1) fails to allege the elements required to state a prima facie case for gender discrimination and

1

retaliation and fails to demonstrate that Plaintiff timely filed the lawsuit with the Court.

Additionally, Defendant argues that the Court should dismiss Plaintiff's Complaint (doc. 1) pursuant to Rule 12(b)(1) on the grounds that Plaintiff failed to exhaust the administrative remedies available under the Florida Civil Rights Act of 1992. See FED. R. CIV. P. 12(b)(1); F.S. §§ 760.01- 760.11.

**THE COURT DECLINES TO CONVERT DEFENDANT'S MOTION TO DISMISS INTO A MOTION FOR SUMMARY JUDGMENT.**

When considering a motion to dismiss under Rule 12(b)(6), a court must consider the complaint, any exhibits attached to the complaint, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007). Furthermore, "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d). A court may consider documents outside the pleadings without converting a motion to dismiss into a motion for summary judgment if the court finds that two conditions are satisfied: (1) the document must be central to the plaintiff's claims and (2) the authenticity of the document must be unchallenged. E.g., Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005); Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002). Moreover, the court may consider public records on a motion to dismiss without converting the motion to one for summary judgment.

E.g., Universal Express, Inc. v. United States SEC, 177 Fed. Appx. 52, 53 (11th Cir. 2006); Stahl v. U.S. Dep't of Agric., 327 F.3d 697, 700 (8th Cir. 2003).

The Court now considers whether to convert Defendant's motion to dismiss into a motion for summary judgment pursuant to Rule 12(d). In its motion, Defendant attached the following exhibits: (1) the Florida Commission on Human Relations Determination: No Cause dated March 23, 2010, (2) the Florida Commission on Human Relations Notice of Determination: No Cause dated March 23, 2010, and (3) the Investigative Memorandum from the Office of Employment Investigations dated March 18, 2010. None of these documents were attached to Plaintiff's complaint. As previously stated, the Court may consider the documents for the purposes of a motion to dismiss without converting the motion into one for summary judgment if, after reviewing the exhibits, the court finds that (1) the plaintiff's claims are based on the documents and (2) the documents' authenticity is unchallenged. Additionally, the Court may rely on public documents without converting a motion to dismiss into a motion for summary judgment.

The documents attached to Defendant's motion may be considered by the Court without converting the motion into a motion for summary judgment because the documents are public records of an administrative agency and because Plaintiff generally refers to the charge of discrimination filed with the Florida Commission on Human Relations in the complaint. Thus, this Court may

consider the documents without converting the motion into one for summary judgment when determining whether to dismiss the complaint pursuant to Rule 12(b)(6).

We now turn to the substance of Defendant's motion to dismiss.

## I. FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

### A. PLAINTIFF'S GENDER DISCRIMINATION AND RETALIATION CLAIMS

In its motion, Defendant challenges that Counts I and II of Plaintiff's complaint, which allege gender discrimination and retaliation, should be dismissed because Plaintiff has failed to set forth sufficient factual allegations to support each count.

### STANDARD OF REVIEW

When evaluating the merits of a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the plaintiff. See FED. R. CIV. P. 12(b)(6); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Jackson v. Okaloosa County, Fla., 21 F. 3d 1531, 1534 (11th Cir. 1994). Dismissal pursuant to Rule 12(b)(6) is warranted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint." Shands Teaching Hosp. and Clinics, Inc. v. Beech Street Corp., 208 F.3d 1308, 1310 (11th Cir. 2000)(quoting Hison v. King & Spalding, 467 U.S. 69, 73 (1984) (internal citations omitted). The threshold of sufficiency a complaint must meet in order to survive a motion to dismiss for

failure to state a claim is "exceedingly low." Broward Garden Tenants Ass'n. v. United States Envtl. Prot. Agency, 157 F. Supp. 2d 1329, 1337 (S.D. Fla. 2001). The pleading requirements set forth in Rule 8(a)(2) merely require "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Supreme Court has further explained that a plaintiff's complaint need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Furthermore, a court must accept all reasonable inferences from the complaint and consider all allegations as true. Broward Garden Tenants Ass'n, 157 F. Supp.2d at 1337. The standard by which a court should judge a motion to dismiss was modified in Bell Atlantic Corp., et al. v. Twombly, 550 U.S. 544, 555 (2007), holding "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . [f]actual allegations must be enough to raise a right to relief above the speculative level[.]" By modifying the standard, the Supreme Court emphasized that it was not requiring a fact pleading of specifics, but only enough facts to show that a claim to relief is plausible. Id. The Supreme Court further explained the modified standard in Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948 (U.S. 2009), stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Accordingly, to survive a motion to dismiss, a plaintiff must set forth factual allegations in a

manner that does not merely mirror the elements of a claim and suggests that a claim for relief is plausible.

## ANALYSIS

First, Defendant challenges that Plaintiff failed to state a claim for gender discrimination because Plaintiff failed to allege that she was qualified for the position for which she was not hired. To establish a prima facie case of gender discrimination, Plaintiff must establish that "(1) she is a member of a protected class, (2) she was subjected to adverse employment action, (3) her employer treated similarly situated employees who are not members of the Plaintiff's class more favorably, and (4) she was qualified for the job or job benefit at issue." See Rice-Lamar v. City of Ft. Lauderdale, Fla., 232 F.3d 836, 842-43 (11th Cir. 2000). As previously mentioned, the standard for the sufficiency of the complaint is very low. So long as the plaintiff has alleged facts that put the defendant on notice and suggest that a claim for relief is plausible, the plaintiff's claims will survive. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948 (2009). In the instant case, Defendant claims that because Plaintiff did not specifically state that "she was qualified for the position", Plaintiff's gender discrimination claim cannot prevail. (See doc. 5, ¶ 11). This Court does not require such specific language from Plaintiff in order to satisfy the sufficiency requirement for the pleadings. Therefore, Plaintiff's allegation in the complaint that Plaintiff was "not hired for

these positions despite her qualifications" is sufficient to survive the motion to dismiss. (See doc. 1, ¶ 6).

Second, Defendant challenges that Plaintiff failed to state a claim for retaliation because Plaintiff failed to allege a causal connection between her testimony against Defendant and her termination. To establish a prima facie case of retaliation, Plaintiff must establish: (1) Plaintiff engaged in statutorily protected expression, (2) Plaintiff suffered an adverse employment action, and (3) a causal connection between the protected expression and the adverse employment action. See Olmstead v. Taco Bell Corp., 141 F.3d 1457, 1460 (11th Cir. 1998). In the Complaint, Plaintiff alleges that Plaintiff's testimony against Defendant in a lawsuit led to Plaintiff's termination. (See doc. 1, ¶ 8). Plaintiff's retaliation claims meet the low threshold level of sufficiency to survive Defendant's motion to dismiss.

### B. TIMELINESS OF FILING

Defendant contends that Plaintiff failed to file the civil suit within the 90 day time limit provided in Title VII and, as a result, Plaintiff's Title VII claims should be dismissed pursuant to Rule 12(b)(6). See 42 U.S.C. § 2000e-5(f)(1).

### STANDARD OF REVIEW

A statute of limitations bar is "an affirmative defense, and . . . plaintiff[s] [are] not required to negate an affirmative defense in [their] complaint." La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004) (quoting

Tregenza v. Great Am. Commc'ns Co., 12 F.3d 717, 718 (7th Cir. 1993)).  In fact, a court should grant a Rule 12(b)(6) dismissal on statute of limitations grounds only if it is "apparent from the face of the complaint" that the claim is time-barred.  Omar ex rel. Cannon v. Lindsey, 334 F.3d 1246, 1251 (11th Cir. 2003).  "[I]t must 'appear beyond a doubt from the complaint itself that [the plaintiff] can prove no set of facts which would avoid a statute of limitations bar.'"  Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003) (quoting Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1280 (11th Cir. 2001) (per curiam)).  Title VII requires litigants to file their lawsuit within 90 days of receipt of an EEOC right to sue notice.  42 U.S.C. § 2000e-5(f)(1); Norris v. Florida Dept. of Health and Rehab. Servs., 730 F.2d 682 (11th Cir. 1984).  The 90 day requirement is "not a jurisdictional prerequisite to suit, but a statutory precondition to suit."  Thomas v. Progress Energy Florida, Inc., 2009 WL 376199, *3 (N.D. Fla. 2009).

## ANALYSIS

In its motion, Defendant contends that Plaintiff filed suit three days after the 90 day time limit had expired.  Defendant bases this argument on the mailing date on the EEOC Right to Sue letter attached to Plaintiff's complaint, August 30, 2010, and the date that Plaintiff filed suit.  (See doc. 5, ¶ 8).  Defendant's argument, however, incorrectly states the date on which Plaintiff filed suit.  In its motion, Defendant incorrectly alleges that Plaintiff filed suit on November 30, 2010; however, this Court notes that Plaintiff actually filed on November 29,

8

2010, or 92 days after the date on which the EEOC letter was mailed. (See id.). Furthermore, Defendant argues that because Plaintiff did not file suit within 90 days of the date the letter was mailed, Plaintiff did not timely file the claim. Defendant's reliance on the date that the EEOC letter was mailed in calculating the 90 day time period is inappropriate. Defendant has not alleged that Plaintiff received the letter on that date, nor has Defendant alleged any date on which Plaintiff has actually received the letter. As previously stated, for the purposes of a motion to dismiss, the Court must accept the plaintiff's allegations as true. If it is not apparent from the face of the complaint that Plaintiff's claim is time-barred, a dismissal on statute of limitations grounds is improper. Since Plaintiff sufficiently alleges compliance with the 90 day time limit in the complaint and the complaint does not suggest otherwise, this Court denies Defendant's motion on this ground without prejudice. Defendant may file a motion for summary judgment on this ground after discovery if Defendant can show that Plaintiff did not initiate this action within the 90 day limitations period.

## II. FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

### STANDARD OF REVIEW

The Court next considers whether Plaintiff's claims have been properly exhausted at the administrative level. A federal employee filing a Title VII action in district court must first seek relief from the agency where the discrimination allegedly occurred. See Crawford v. Babbitt, 186 F.3d 1322, 1326 (11th Cir.

1999), citing Brown v. Gen. Serv. Admin., 425 U.S. 820, 832-33 (1976); Grier v. Secretary of the Army, 799 F.2d 721, 724 (11th Cir. 1986).  This is a condition precedent to filing suit and "'is part and parcel of the congressional design to vest in the federal agencies and officials engaged in hiring and promoting personnel 'primary responsibility' for maintaining nondiscrimination in employment.'" Id., quoting Kizas v. Webster, 707 F.2d 524, 544 (D.C. Cir. 1983).  In accordance with the congressional design, the EEOC adopted regulations that govern the presentment of claims by federal employees to the agency.  See 29 C.F.R. § 1614.101 et seq.  These regulations set forth time limits with which Plaintiff must comply as well as the administrative process generally.  Failure to exhaust administrative remedies prior to filing suit warrants dismissal based upon lack of subject matter jurisdiction under Rule 12(b)(1).  See, e.g., Bonilla v. Alvarez, 194 F.3d 275 (1st Cir. 1999).

## ANALYSIS

### Plaintiff's Florida Civil Rights Act Claims

In its complaint, Plaintiff alleges compliance with the applicable administrative procedure by removing the charge from the Florida Commission on Human Relations (Commission) "after the expiration of 180 days, as authorized under Section 760.11, Florida Statutes."  (See doc. 1, ¶ 5).  The relevant text from Section 760.11 allows a person to bring a civil suit if the Commission fails to make a determination of cause within 180 days of the filing

of the complaint.  See F.S. § 760.11(8).  As previously stated, for the purposes of a motion to dismiss, the Court must accept the allegations and inferences drawn from Plaintiff's complaint as true.  Since Plaintiff alleges that the removal of the charge after the expiration of 180 days was permitted under Section 760.11, Plaintiff's establishes the inference that the Commission failed to make a timely determination as to cause and, as a result, Plaintiff is eligible to seek redress in the courts of law.

Defendant alleges that Plaintiff's claims should be dismissed because Plaintiff did not exhaust administrative remedies by failing to give notice to the Commission of the plan to file civil suit.  In support of its motion, Defendant challenges that the Plaintiff received notice of a No Cause determination from the commission prior to filing a civil suit.  Defendant argues that the untimely No Cause determination should bar Plaintiff from filing a civil suit and should require Plaintiff to appeal the decision to the appropriate administrative agency within the applicable time limits.

Turning to the applicable law to address Defendant's argument, Section 760.11(8) plainly states that an aggrieved person may bring a civil action if the Commission fails to make a determination of cause "within 180 days of the filing of the complaint."  F.S. § 760.11(8).   A plaintiff bringing a cause of action to civil court after the Commission fails to make a determination within 180 days must comply with a four year limitations period.  F.S. § 95.11(3)(f); see Joshua v. City

of Gainesville, 768 So.2d 432, 439 (Fla. 2000) (holding that a four year statute of limitations "for causes of action based on statutory liability… applies to situations where the Commission has not made a reasonable cause determination within 180 days.")  As a result, the only relevant prerequisites to bringing a civil suit in accordance with this section are for the commission to fail to make a determination within the 180 day period and for the plaintiff to comply with the four year statute of limitations.  Thus, any determination received after the 180 day period but before filing a civil lawsuit does not bar a person from bringing a civil suit so long as they bring the civil suit within the four year limit.  Reinforcing the principle that an employee is not barred from bringing a civil action against an employer for discrimination when the employee received a determination of cause after the 180 day statutory period had expired, the Florida Supreme Court has reasoned that:

> [r]eading the relevant provisions of the statute together clearly establishes that whenever the FCHR fails to make its determination within 180 days, even if the untimely determination is made before the filing of a lawsuit, the claimant may proceed to file a lawsuit under subsection (4). To construe the statute so as to foreclose a claimant's civil suit where a claimant receives notice after the 180 day period but before the claimant files the suit would require us to ignore subsection (3), or judicially engraft into subsection (8) the caveat, "unless the FCHR makes its untimely determination before the claimant files the lawsuit." This we cannot and will not do.

Woodham v. Blue Cross and Blue Shield of Florida, Inc., 829 So.2d 891, 899 (Fla. 2002).

Because the Plaintiff has filed the lawsuit within the four year period, has sufficiently alleged compliance with administrative procedure in the complaint, and because a No Cause determination received after the 180 day period does not preclude Plaintiff from bringing suit in civil court, Plaintiff's claims under the Florida Civil Rights Act of 1992 will not be dismissed for failure to exhaust administrative remedies.

### Plaintiff's Title VII Claims

The Florida Supreme Court has acknowledged that "although in many respects the FCRA is patterned on Title VII . . . Title VII does not bar a federal lawsuit even if the EEOC issues a 'no cause' determination." Id. at 895. Accordingly, "the only conditions precedent to filing a lawsuit in federal court are filing a charge with the EEOC and receipt of the EEOC disposition of the charge." Id. In its complaint, Plaintiff alleges that Plaintiff "filed an administrative charge of discrimination with the EEOC and has appended her Notice of Right to Sue . . . which authorizes the filing of this action." (See doc. 1, ¶ 5). Because Plaintiff has sufficiently alleged filing a charge with the EEOC and receiving a disposition of that charge, Plaintiff's Title VII claims will not be dismissed for failure to exhaust administrative remedies.

13

Accordingly, it is hereby ORDERED AND ADJUDGED that Defendant's Motion to Dismiss (doc. 5) is *denied*.

DONE AND ORDERED on this <u>twenty-eighth</u> day of January, 2011.

<u>*s/Stephan P. Mickle*</u>
Stephan P. Mickle
Chief United States District Judge